59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Cindy BENNINGTON, Plaintiff-Appellee,
v.
KBL-TV INCORPORATED, Defendant-Appellant,
and
KBLCOM, Inc.; Houston Industries Defendants.
 No. 93-35820.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1995.
Decided June 26, 1995.
 
 Before: TANG, CANBY AND REINHARDT, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM*
 
 
 2
 KBL-TV, Inc. appeals the judgment entered upon a verdict in favor of Cindy Bennington. According to KBL-TV, the evidence is insufficient to support the jury's verdict and thus the district court erred by declining to direct a verdict in its favor. We review de novo the district court's denial of KBL-TV's motion for directed verdict. Bank of the West v. Valley Nat. Bank of Arizona, 41 F.3d 471, 477 (9th Cir. 1994). We determine whether the evidence, construed in the light most favorable to Bennington, "permits only one reasonable conclusion," which is contrary to that of the jury. Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir. 1993), cert. denied, 114 S.Ct. 2163 (1994).
 
 
 3
 The district court did not err by declining to direct the verdict in KBL-TV's favor. Bennington based her claim on the theory that KBL-TV breached an implied-in-fact contract by firing her for using KBL-TV's "open door" policy.[1] While under Oregon law, "an employer may [generally] discharge an employee at any time and for any reason," Sheets v. Knight, 308 Or. 220, 230, 779 P.2d 1000, 1006 (Or. 1989) (quoting Patton v. J.C. Penney Co., 301 Or. 117, 120, 719 P.2d 854 (1975), an employer's personnel rules and policies, or representations to the employee may create an implied-in-fact employment contract. Id. at 234-35, 779 P.2d at 1008-09; Seibel v. Liberty Homes, Inc., 305 Or. 362, 364-65 752 P.2d 291, 292-93 (Or. 1988).
 
 
 4
 In this case, Bennington presented evidence from which the jury could reasonably find that KBL-TV's employment policies and representations created an implied-in-fact contract that KBL-TV breached. Bennington proffered evidence that KBL-TV had an open door policy. Leonard Allsup testified that he assured Bennington that "you and I can meet anywhere ... and that's not going to have an impact on your career." Donald Pauly, when asked whether he would "retaliate against persons who were doing [his] bidding by telling the truth" answered "[a]bsolutely not." Because of the representations made by Bennington's supervisors, the jury could properly find that Bennington's employment contract precluded KBL-TV from firing her for utilizing the open door policy, and thus could conclude that her employment was not purely at-will. See id. The jury could also reasonably conclude that Bennington was fired in violation of this implied-in-fact contract. Sufficient evidence thus supports the jury's finding that KBL-TV breached Bennington's employment contract by firing her for utilizing the open door policy.
 
 
 5
 The district court's decision is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Bennington also advanced an argument based on KBL-TV's vacation policy which, because we affirm, we do not consider